**Michael Patrick KEANE,**
**Plaintiff—Appellant,**

v.

**Alan ARTZ; et al., Defendants—**
**Appellees.**

**No. 05–15220.**

**D.C. No. CV–01–00719–HDM.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 12, 2006.

■

---

* The panel unanimously finds this case suitable     for decision without oral argument. *See* Fed.

James Andre Boles, Law Offices of James Andre Boles, Reno, NV, for Plaintiff–Appellant.

Melanie Foster, Deputy District Attorney, Thomas P. Beko, Erickson Thorpe & Swainston Ltd., Reno, NV, for Defendants–Appellees.

Before HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM**

Michael Patrick Keane appeals from the district court's separate grants of summary judgment in favor of Scott Freeman and Alan Artz in his 42 U.S.C. § 1983 action alleging violations of his rights under the First and Fourth Amendments. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the grant of summary judgment de novo, *Christie v. Iopa,* 176 F.3d 1231, 1234 (9th Cir.1999), and we affirm.

■ The district court properly granted summary judgment on Keane's section 1983 claim against Freeman, a private attorney who represented Keane's former wife in a custody dispute, because Free-

R.App. P. 34(a)(2).

man was not acting under color of state law when he filed a police complaint against Keane for making a statement to the effect that he "ought to," "wanted to," or "should" put a nine millimeter bullet in Freeman's head. *See Henderson v. City of Simi Valley,* 305 F.3d 1052, 1056 (9th Cir.2002) (listing elements of section 1983 action). Moreover, Keane failed to adduce any evidence of a conspiracy between Freeman and Artz, the police detective who recommended that a warrant be issued for Keane's arrest. *See Radcliffe v. Rainbow Constr. Co.,* 254 F.3d 772, 783 (9th Cir.2001) ("A relationship of cause and effect between the complaint and the prosecution is not sufficient [to raise a triable issue of conspiracy between a complaining citizen and a state official], or every citizen who complained to a prosecutor would find himself in a conspiracy.").

■ We also affirm the district court's order granting summary judgment in favor of Artz. Police officers are entitled to immunity from civil damages if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Ample probable cause supported Artz's recommendation that Keane be arrested. Thus, Artz's conduct was objectively reasonable, and he is immune from section 1983 liability. *See id.*

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.